UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DAVID SIMMONS,
    Plaintiff,

v.                                                                                No. 3-09-cv-1218 (WWE)

MICHAEL FRIEDMAN, OFFICER
LOVE, ASH CREEK CAFE, JANE DOE,
JOHN DOE,
    Defendants.

## MEMORANDUM OF DECISION ON DEFENDANTS'
## MOTION FOR SUMMARY JUDGMENT

Plaintiff David Simmons, pro se, alleges that defendants Michael Friedman, Ash Creek Cafe, Bridgeport Police Officer Love, Jane Doe and John Doe are liable to him for malicious prosecution, false arrest, defamation of character, racial profiling and violation of his rights pursuant to the First and Eighth Amendments of the United States Constitution. Defendants Friedman, Ash Creek Cafe, Jane Doe and John Doe move for summary judgment. For the following reasons, the motion for summary judgment will be granted.

## Background

Defendants have submitted a statement of facts not in dispute that is supported by evidentiary exhibits. In his response, plaintiff represents that all of his alleged facts are true. The parties' submissions reflect that the following facts are not disputed.

Defendant Michael Friedman is President of the Ash Creek Saloons, Inc., which owned the restaurant Ash Creek Cafe during the time relevant to this action. According to plaintiff's complaint, defendants Jane Doe and John Doe work at the restaurant Ash Creek Cafe as "bar maid" and "bus boy or staff" respectively.

On April 6, 2008, plaintiff entered the Ash Creek Cafe during its lunch service. He ordered a cheese burger and paid the bill for it at the bar of the restaurant. He was punched and pushed out of the restaurant by a staff member. Once outside the restaurant, he was arrested for breach of the peace by defendant Officer Love.

## Discussion

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923 F. 2d 979, 982 (2d Cir. 1991).

The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute. Am. Int'l Group, Inc. v. London Am. Int'l Corp., 664 F. 2d 348, 351 (2d Cir. 1981). In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

If a nonmoving party has failed to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof, then summary judgment is appropriate. Celotex Corp., 477 U.S. at 323. If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met. Liberty Lobby, 477 U.S. at 24.

Defendants Michael Friedman, Ash Creek Cafe, Jane Doe and John Doe move for summary judgment on plaintiff's constitutional claims pursuant to 42 U.S.C. § 1983 because they are not state actors.

> Section 1983 provides:
>
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, ...

Section 1983 applies to conduct by private parties only where the conduct is "fairly attributable" to the state. Bernas v. Cablevision Systems Corp., 215 F. App'x 64, 68 (2d Cir. 2007). A private party may be said to act under color of state law and may be liable under Section 1983 if that party acted in concert or in a joint action with state officials. See Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970). In this instance, it is undisputable that the moving parties are private parties. The evidence evinces no inference that the moving defendants acted in any way in concert or in a joint action with state officials. Accordingly, the Court will grant summary judgment on the plaintiff's Section 1983 claims against the moving defendants.

To the extent that the complaint may be construed as alleging state law actions against the moving defendants, the Court will decline to exercise its supplemental jurisdiction over such claims against the moving defendants. Supplemental jurisdiction over state law claims is a matter of discretion, Zigmund v. Foster, 205 F.3d 1327 (2d Cir. 2000), and the court may decline to exercise supplemental jurisdiction where the court has dismissed all claims over which it has original jurisdiction. See 28 U.S.C. § 1367(c)(3).

**Conclusion**

For the foregoing reasons, defendants' Motion for Summary Judgment [doc. #24] is GRANTED.

```
             /s/
```
Warren W. Eginton
Senior U.S. District Judge

Dated at Bridgeport, Connecticut this __28th_ day of October, 2011.